## O'TOOLE ET AL. *v.* HOWERY.

[No. 17,794. Filed February 3, 1897.]

PARTNERSHIP.— *Insolvency.—Sale of Property by Partner.*— In the absence of fraud or a showing that injury would result to the partnership, an insolvent partner of an insolvent partnership may sell personal property belonging to such partnership to a person who is known to be insolvent.

From the Shelby Circuit Court. *Reversed.*

*Adams & Carter*, for appellants.

*Hord & Adams*, for appellee.

HOWARD, J.—The appellee, George W. Howery, and the appellant, Stephen Crawley, were partners in the saw mill business, having for that purpose leased a "mill and some lands adjoining thereto." This action was brought by the appellee to enjoin the appellant, John O'Toole, from removing from said land certain growing corn, sold to O'Toole by Crawley. Crawley was made a party to answer as to his interest in the controversy.

A temporary restraining order was issued as prayed for, and, on final hearing, O'Toole was perpetually enjoined from gathering or removing any of said corn.

It is contended that the court erred in overruling demurrers to the complaint and in overruling the motion for a new trial.

The complaint, after stating the formation of the partnership of Howery and Crawley and the leasing by them of the saw mill and adjoining lands, alleges that the firm "has contracted indebtedness to an amount of over $400.00, and the said Crawley is indebted to the said firm in the sum of $141.00; and that the said partnership is insolvent, and all the property of said firm was destroyed by fire, except some lumber of the value of $100.00 and the one-half of thirty acres of growing corn of the value of $300.00; that the said Crawley and the said O'Toole are insolvent, and the said Crawley has pretended to sell to the said O'Toole one-fourth interest of said firm in said growing corn; and he is now engaged in gathering and carrying off said corn, and will continue to do so until he has taken all of the full one-fourth thereof; that said O'Toole has already carried off about $50.00 worth of said corn and appropriated the same to his own use, and is threatening to carry off the residue thereof; that this plaintiff is solvent and liable for said indebtedness, and will, if said property is taken away and lost, be

O'Toole *et al. v.* Howery.

required to pay the debts of said firm out of his own property."

We do not think the allegations of the complaint sufficient to authorize the injunction against O'Toole. There is nothing to show why Crawley, as one of the partners, might not sell the partnership property in question. If the property was of a kind which, for any reason, should not be sold; if it was sold for less than its value; or if, in any way, the sale was made to the injury of the partnership, the fact should be made to appear by proper allegation. From the circumstance that Crawley was insolvent and was indebted to the firm, it does not follow that the transaction was dishonest; if the money received by Crawley for the corn were the full value of the property sold, and were used by him in part payment of the firm's indebtedness, we cannot see that any wrong was done by him in selling the corn. As a partner, unless the contrary were shown, he had the same right as Howery to dispose of the firm property. Nor is it clear why the corn should not be sold, as well as the lumber that was left. The mill was destroyed, the firm insolvent, the business ended, and all the property left was insufficient to pay the debts. That, under these circumstances, one of the partners should have made sale of "one-fourth interest of said firm in said growing corn" does not show any wrong on his part. If, instead of one-fourth, he had sold all the firm's corn for its full value, and made proper application of the proceeds, such sale would not have shown any wrongdoing on his part. Fraud cannot be presumed, but must be alleged and proved.

But so far as O'Toole is concerned, against whom the injunction is directed, there seems even less reason why the decree should have been entered. The sole allegation against him, if such it can be called, is

that he is insolvent. But an insolvent man may purchase property without being thereby held to be guilty of wrongdoing. It is not said that O'Toole conspired with Crawley to engage in any fraud upon the firm or upon Howery. It is not even shown that O'Toole had any knowledge of the insolvency of the firm, or that he knew of any reason why one of its partners might not honestly sell him a part of the firm property. Even if Crawley had been engaged in any underhand, proceeding, which is not alleged, still O'Toole should not for that be held chargeable with guilty knowledge of Crawley's wrongdoing. If the purchase was a fair, open transaction on O'Toole's part, certainly he should not be enjoined from gathering and carrying off the corn which he had so purchased. The allegations of the complaint fail to show any sufficient reason for the injunction.

The judgment is reversed, with instructions to sustain the demurrers to the complaint and with leave to amend.

HACKNEY, J., took no part in the decision of this case.